J-S50023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARIE BURNSIDE SCOTT | |
| Appellant | No. 2246 EDA 2016 |

Appeal from the PCRA Order June 13, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0411022-1973

BEFORE:  PANELLA, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY MOULTON, J.:                **FILED DECEMBER 20, 2017**

Marie Burnside Scott appeals from the June 13, 2016 order entered in the Philadelphia County Court of Common Pleas dismissing as untimely her petitions filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

The PCRA court set forth the following procedural history:

> On May 16, 1974, following a jury trial before the Honorable Stanley Kubacki, [] Scott . . . was found guilty of first degree murder[, 18 Pa.C.S. § 2502].[1]  On June 27, 1974, [Scott] was sentenced to life imprisonment.  [Scott] appealed, and the Supreme Court affirmed her conviction on November 14, 1976.[2]  [Scott] admits in her petition she filed at least three prior post conviction relief petitions.[3]  All were dismissed.

---

[1] The jury also convicted Scott of burglary, 18 Pa.C.S. § 3502, and conspiracy to commit an unlawful act, 18 Pa.C.S. § 903.

> [2] **Commonwealth v. Scott**, 365 A.2d 853 (Pa. 1976).
>
> [3] [Scott] states she filed post conviction petitions on January 3, 1977, February 21, 1978, and May 27, 1981. PCRA Petition, 3/18/16 at p.5. A review of the record verified that [Scott] had at least one prior post conviction proceeding. In 1988, [Scott] filed a petition for collateral relief, the petition was dismissed, and the dismissal affirmed by the Superior Court on May 24, 1988. **Commonwealth v. Scott**, 545 A.2d 399 (Pa.Super. 1988) (table).

Opinion, 12/8/16, at 1 ("1925(a) Op.").

On August 23, 2013, Scott filed a PCRA petition. On June 15, 2015 and June 23, 2015, Scott filed petitions for writ of *habeas corpus*. On March 18, 2016, Scott filed a supplemental PCRA petition. On April 26, 2016, the PCRA Court issued notice of its intent to dismiss the petitions without a hearing under Pennsylvania Rule of Criminal Procedure 907. Scott filed a response to the notice on May 2, 2016 and an additional supplemental petition on May 17, 2016. On June 13, 2016, the PCRA court dismissed the petitions.[2] Scott filed a timely notice of appeal.

Scott raises 12 issues on appeal, making claims of trial counsel ineffectiveness, imposition of an illegal sentence, and trial court error.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v.**

---

[2] The June 13, 2016 order stated that the "petitions filed on August 23, 2013 by [Scott] are dismissed as untimely." Order, 6/12/16 (emphasis deleted). It appears the PCRA court treated all subsequent petitions as supplements to the petition filed on August 23, 2013.

***Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011).

The PCRA court concluded that: (1) Scott's August 2013 PCRA petition was untimely and she failed to invoke any time-bar exception; (2) Scott's March and May 2016 PCRA petitions were untimely and, because Scott was 19 years old at the time of the murder, she was unable to satisfy the new-constitutional-right time-bar exception based on ***Miller v. Alabama***, 567 U.S. 460 (2012), and ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016); and (3) Scott's petitions for *habeas corpus* should be treated as PCRA petitions because the claims are cognizable under the PCRA, the petitions were untimely under the PCRA, and Scott failed to plead and prove a time-bar exception. 1925(a) Op. at 2-6. After reviewing the record, the parties' briefs, and the relevant law, we affirm on the basis of the well-reasoned opinion of the Honorable Leon W. Tucker, which we adopt and incorporate herein.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/20/2017</u>

COURT OF COMMON PLEAS OF PHILADLEPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION



FILED

DEC – 8 2016

Criminal Appeals Unit
First Judicial District of PA

COMMONWEALTH OF
PENNSYLVANIA

v.

MARIE BURNSIDE SCOTT

CP-51-CR-0411022-1973 Comm. v. Scott, Marie
Memorandum Opinion

7874166451

CP-51-CR-0411022-1973

2246 EDA 2016

<u>OPINION</u>

LEON W. TUCKER, J.

This appeal comes before the Superior Court following the dismissal of a Post Conviction

Relief Act ("PCRA")[1] petition filed on August 8, 2013. On June 13, 2016, the PCRA court

dismissed this petition for the reasons set forth below.

## I.   PROCEDURAL HISTORY

On May 16, 1974, following a jury trial before the Honorable Stanley Kubacki, Marie

Scott (hereinafter referred to as "Petitioner") was found guilty of first degree murder. On June 27,

1974, Petitioner was sentenced to life imprisonment. Petitioner appealed, and the Supreme Court

affirmed her conviction on November 14, 1976.[2] Petitioner admits in her petition she filed at least

three prior post conviction relief petitions.[3] All were dismissed.

On August 8, 2013, Petitioner filed the instant petition. Petitioner then filed two writs of

---

[1] 42 Pa. Cons. Stat. §§ 9541-9546.

[2] *Commonwealth v. Scott,* 365 A.2d 853 (Pa. 1976).

[3] Petitioner states she filed post conviction petitions on January 3, 1977, February 21, 1978, and
May 27, 1981. PCRA Petition, 3/18/16 at p. 5. A review of the record verified that Petitioner had
at least one prior post conviction proceeding. In 1988, Petitioner filed a petition for collateral
relief, the petition was dismissed, and the dismissal affirmed by the Superior Court on May 24,
1988. *Commonwealth v. Scott,* 545 A.2d 399 (Pa. Sup. 1988) (table).

1

habeas corpus on June 15, 2015, and July 23, 2015. Petitioner additionally filed a supplemental petition for PCRA relief on March 18, 2016. In accordance with Pennsylvania Rule of Criminal Procedure 907, Petitioner was served notice of the PCRA court's intention to dismiss her petition on April 26, 2016. Petitioner filed a response to the court's notice on May 2, 2016 and May 17, 2016. The PCRA court dismissed her petitions on June 13, 2016.[4] Petitioner timely filed a notice of appeal to the Pennsylvania Superior Court on July 11, 2016.

## II.    DISCUSSION

### A. Petitioner's current PCRA petition was manifestly untimely.

Petitioner's PCRA petition challenging the constitutionality of her sentence was facially untimely. As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson,* 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa. Cons. Stat. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3).

Petitioner's judgment of sentence became final for PCRA purposes on or about February 14, 1977, ninety days after the Pennsylvania Supreme Court affirmed her judgment of sentence and the time period for filing a petition for writ of *certiorari* in the United States Supreme Court expired. *See id.*; See U.S.Sup.Ct.R. 22 (effective July 1, 1970, until amended June 30, 1980, at U.S.Sup.Ct.R. 20; allowing 90 days to file petition for writ of certiorari). Petitioner's *pro se* petition, filed on August 8, 2013, was therefore untimely by approximately thirty-six years. *See* 42

---

[4] As the trial judge is no longer sitting, the Honorable Leon W. Tucker issued the order and opinion in this matter in his capacity as Supervising Judge of the Criminal Section of the Court of Common Pleas of Philadelphia – Trial Division as of March 7, 2016.

Pa. Cons. Stat. § 9545(b)(1).

**B. Petitioner was ineligible for the limited timeliness exceptions under 42 Pa. Cons. Stat. § 9545 (b)(1).**

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. *Id.* To invoke an exception, a petition must allege and the petitioner must prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* § 9545(b)(1)(i)-(iii).

In her August 2013 petition, Petitioner generally stated that she was entitled to collateral relief due to her trial counsel's ineffectiveness and other various trial errors. However, Petitioner completely repudiated any attempt to invoke any exception to her untimeliness, and therefore, this court was without jurisdiction to address her untimely petition.[5]

In her March 2016 and May 2016 petitions, Petitioner attempted to invoke the "newly-recognized right" exception[6] by raising the constitutional right announced in the United States

---

[5] The PCRA's time limit is mandatory and jurisdictional. *Commonwealth v. Beasley*, 741 A.2d 1258 (Pa. 1999). A court does not have jurisdiction to consider the merits of a petition if it is untimely filed and the petitioner does not prove one of the three exceptions to the time limits of the PCRA. *Gamboa-Taylor*, 753 A.2d at 785. It is well settled that allegations of ineffective assistance of counsel alone will not overcome the timeliness requirements. *Commonwealth v. Edmiston*, 65 A.3d 339 (Pa. 2013). Moreover, the responsibility to plead and prove a claim under the PCRA by a preponderance of the evidence lies solely with the petitioner. 42 Pa. Cons. Stat. § 9543(a).

[6] Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right

3

Supreme Court's decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). In *Montgomery*, the Court held retroactive its prior holding in *Miller v. Alabama,* 132 S. Ct. 2455 (2012). The *Miller* Court held that mandatory life sentences without the possibility of parole for juvenile offenders convicted of murder violates the 8th Amendment's prohibition on cruel and unusual punishment. *Miller*, 132 S.Ct. at 2460. However, the Court was explicit that its holding in *Miller* applies only to offenders under the age of eighteen at the time of their offense. *Id.* ("We therefore hold that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"). Here, Petitioner fully conceded that she was 19 years old at the time of the murder. PCRA Petition, 5/2/16, at 1. Because Petitioner was not a juvenile at the time of her offense, she failed to successfully invoke this exception.

### C. The claims alleged in Petitioner's habeas corpus petitions are cognizable under the PCRA and upon review, are untimely without exception.

Petitioner's filings styled "Petition for Habeas Corpus" raised claims that fell within the ambit of the PCRA[7] because they were potentially remediable under it. As iterated by the Superior Court,

---

asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. . . These words mean that the action has already occurred, *i.e.,* "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed. *Commonwealth v. Copenhefer,* 941 A.2d 646, 649–50 (Pa. 2007) (quoting *Commonwealth v. Abdul–Salaam,* 812 A.2d 497, 501 (Pa. 2002)).

[7] The PCRA provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis." 42 Pa. Cons. Stat. § 9542.

4

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; *Commonwealth v. Haun*, 32 A.3d 697 (Pa. 2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus. Fahy, supra* at 223–224; *Commonwealth v. Chester*, 733 A.2d 1242 (Pa. 1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. *See Commonwealth v. Peterkin*, 722 A.2d 638 (Pa. 1998); *see also Commonwealth v. Deaner*, 779 A.2d 578 (Pa. Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling [her] petition or motion as a writ of *habeas corpus.*

*Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa. Super. 2013).

In her habeas corpus petitions filed June 15, 2015 and July 23, 2015, Petitioner's argued that she was serving an illegal sentence because statutes that were not yet adopted into law at the time of her crime were applied against her, in violation of the presumption against retroactive effect under 1 Pa. Cons. Stat. § 1926. More specifically, Petitioner argued when the Crimes Code supplanted the Penal Code on December 6, 1972, the statutes under which she was charged, convicted and sentenced[8] were not in effect. In essence, her claims implicated the legality of her sentence and therefore was cognizable under the PCRA. 42 Pa. Cons. Stat § 9543(a)(2)(vii) (illegal sentencing claims are cognizable under the PCRA). Thus, this court was constrained to review these claims pursuant to the PCRA's dictates. However, Petitioner did not even attempt to invoke one of the timeliness exceptions; instead, she merely lingered upon the purported illegality of her conviction and sentence. The PCRA court therefore lacked jurisdiction to address Petitioner's substantive claims.

In her habeas corpus petition, filed July 23, 2015, Petitioner claimed she was entitled to relief because the jury failed to unanimously record a suggested penalty on the penalty slip after finding her guilty of first degree murder. This claim also fell within the purview of the PCRA

---

[8] 18 Pa. Cons. Stat. §903; 18 Pa. Cons. Stat. §2502; 18 Pa. Cons. Stat. § 3502; 18 Pa. Cons. Stat. § 3701; and 18 Pa. Cons. Stat. § 6106.

5

framework because the PCRA provides relief for alleged trial court errors. *See Commonwealth v. Peterkin*, 722 A.2d 638, 640 (1998). Consequently, her petition was subject to the timeliness provision of the PCRA. Again, Petitioner failed to satisfy her burden of establishing an exception to the PCRA's statutory time-bar.

## III. CONCLUSION

Once more, this court has evaluated Petitioner's untimely filing, and determined the claims contained therein to be untimely without exception. For the foregoing reasons, this court's dismissal of Petitioner's PCRA petition and subsequently filed petitions should be affirmed.

BY THE COURT:

LEON W. TUCKER, J./ gl

6